Argued September 15, affirmed October 14, 1964

# CITY OF PORTLAND *v.* SUPREME BUILDERS, INC.

## 395 P. 2d 773

*Warde H. Erwin,* Portland, argued the cause for appellant. With him on the briefs was Virgil E. Dugger, Portland.

*Robert L. Hurtig,* Portland, argued the cause for respondent. With him on the brief were Alexander G. Brown, Marian C. Rushing, and John E. Holmen, Portland.

Before McAllister, Chief Justice, and Sloan, O'Connell, Denecke and Lusk, Justices.

DENECKE, J.

The city brought this action for damages against the defendant builder for failure to fully perform its contract to construct a fire station. The trial court, sitting without a jury, found for the city, and the contractor appeals.

The contract provides that the builder will correct, at its expense, any defect arising from faulty workmanship or materials, occurring within a period of one year. The city notified the builder of such a defect but the builder refused to correct it. The city then corrected the defect.

The only issue on appeal is whether the builder was notified within the one-year period; this depends upon the time at which that period commenced.

The builder contends that the various contract documents contain conflicting provisions on this question. The contract provision pleaded as applicable by the builder states that the period of guaranty shall run "one year from the date of substantial completion." The supervising architect notified all parties that the station was substantially completed on July 24, 1961. The demand upon the builder was made within one year from this date.

The trial court found: "Plaintiff through its architect did not unreasonably or arbitrarily refuse to accept the fire station construction as substantially complete prior to July 24, 1961, * * *." This finding was not assigned as error; however, at oral argument defendant contended that there was no evidence

to support it. The contract does not specifically state, in the absence of arbitration, what effect shall be given the decisions of the architect or by what standard they may be reviewed; however, defendant, in effect, admitted at oral argument that if the architect's decision is supported by some evidence, the plaintiff must prevail.

There is evidence to support the decision of the architect and the finding of the trial court. The architect and the superintendent of buildings for the Fire Bureau testified that the builder was repeatedly given a list of items to be corrected or completed and that while the builder agreed to do the necessary work, it was not done. The city went to the surety on the builder's performance bond and requested it to assist in compelling completion. Upon continued insistence of the interested parties, the builder continued to correct improper or incomplete work until the time of final payment in August, 1961.

The fire department occupied the station in 1959. This may have made it difficult to determine whether the subsequent condition of the premises was due to wear or improper or incomplete performance. It does not necessarily outweigh the other evidence that the building was not substantially completed until July, 1961.

Affirmed.